UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEE AGREEMENT BETWEEN THE HUEY & FONG TRUST AND THE KENNETH HUEY FAMILY TRUST AND SHER, GARNER, CAHILL, RICHTER, KLEIN AND HILBERT, L.L.C. | CIVIL ACTION<br><br>No. 10-645<br><br>SECTION I |
| SHER, GARNER, CAHILL, RICHTER, KLEIN AND HILBERT, L.L.C. | |
| VS. | |
| MCGLINCHEY STAFFORD, P.L.L.C., ET AL | |

### ORDER AND REASONS

Plaintiff, Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC ("Sher Garner"), has filed a motion to remand.[1] Defendants, CEF Funding, LLC ("CEF") and GE Commercial Finance Business Property Corporation, which is alleged to be f/k/a General Electric Capital Business Asset Funding Corporation ("GE") (collectively "CEF/GE"),[2] have filed an opposition. For the following reasons, the motion to remand is **GRANTED.**

### *BACKGROUND*

On July 10, 2009, Sher Garner initiated the above-captioned case in the Orleans Parish Civil District Court by filing an ex parte petition to file fee agreement and perfect privilege

---

[1]R. Doc. No. 12.

[2]According to defendants' opposition to the motion to remand, "CEF is the successor-in-interest to GE Commercial Finance Business Property Corporation, f/k/a General Electric Capital Business Asset Funding Corporation, and the only party with an interest in this litigation." R. Doc. No. 26, p. 2 n. 1.

1

pursuant to Louisiana Revised Statute §§ 37:218 and 9:500.[3] Sher Garner explains that by doing so, it sought to preserve and perfect its privilege against two California trusts, the Huey & Fong Trust and the Kenneth Huey Family Trust (collectively the "Trusts"), for attorneys fees in the matter entitled *Quintessa Huey, et al. v. Super Fresh/ Sav-a-Center*, *et al.*, No. 2:07-cv-01169 (E.D. La. filed Mar. 3, 2007) ("A&P" litigation).

Subsequently, Sher Garner filed an amended petition in the above-captioned case in the Orleans Parish Civil District Court alleging that McGlinchey Stafford, P.L.L.C. ("McGlinchey") and GE[4] are liable to Sher Garner for negligent misrepresentation, detrimental reliance, and abuse of rights. Sher Garner also alleged that GE was liable to it pursuant to a theory of *quantum meruit* and it requested "*Moody* fees."[5] Sher Garner's allegations relate to its communications with GE and its attorney, McGlinchey, in connection with the A&P litigation. Sher Garner represented plaintiffs in the A&P litigation. GE and CEF were not parties to the A&P litigation.

CEF/GE removed the above-captioned case on February 24, 2010 to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b).

*LAW AND ANALYSIS*

**I. Removal and Remand**

---

[3]See R. Doc. No. 1-2.

[4]Sher Garner does not name CEF as a defendant in its amended petition. As stated, CEF contends that because it is the successor-in-interest to GE, "it is the only party with an interest in this litigation." R. Doc. No. 26, p. 2 n. 1.

[5]R. Doc. No. 1-1, p. 4.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a lawsuit lies outside this limited jurisdiction until jurisdiction is established. *Id.* In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c).

"Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

**II. Diversity Jurisdiction**

**A. The Rule of Unanimity**

Although § 1446 only requires that all defendants consent to removal, "a defendant must do so itself." *Getty*, 841 F.2d at 1262, n.11. The United States Court of Appeals for the Fifth Circuit explained in *Getty*:

> This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Id.* Accordingly, "the 'rule of unanimity' requires that all then served defendants either join in the notice of removal or timely file written consent to removal into the record." *Jacob v. Greyhound Lines, Inc.*, 2002 WL 31375612, at *6 (E.D. La. Oct. 21, 2002) (Vance, J.).

A non-served defendant need not join in or consent to the removal petition. *Shoemaker v. Robinson*, 2010 WL 1416212 at *1 (S.D. Miss. Apr. 7, 2010) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939)).[6] A removing party need not obtain the consent of a co-defendant who has been improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Sher Garner contends that the Huey & Fong Trust, the Kenneth Huey Family Trust, (collectively the "Trusts") and McGlinchey have not joined in or consented to removal. Sher Garner's pleadings do not name the Trusts as defendants and the Trusts have not been served. Because a non-served defendant is not required to join in or consent to the removal petition, the fact that the Trusts - who are not named defendants - have not done so does not render removal

---

[6] "[I]f a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand." *See Getty*, 841 F.2d at 1263.

invalid.[7] *See Shoemaker*, 2010 WL 1416212 at *1. In addition, if McGlinchey was improperly joined, as CEF/GE contends, McGlinchey's consent would not be required. *See Jernigan*, 989 F.2d at 815. However, as discussed below, McGlinchey was not improperly joined and, therefore, its consent was required for removal.[8] [9]

**B. Improper Joinder**

---

[7]Because the consent of the Trusts is not required for removal, the Court will not address defendants' argument that the Trusts were "fraudulently misjoined."

[8]Sher Garner and CEF/GE also dispute whether McGlinchey was served on January 22, 2010 or on January 26, 2010 and whether the above-captioned case was timely removed within thirty days of service on the first served defendant, i.e., McGlinchey. However, the resolution of that issue is unnecessary because, removal was procedurally deficient because, as discussed below, McGlinchey was not improperly joined and it did not consent to removal.

[9]CEF/GE contends that because McGlinchey and CEF/GE are represented by the same law firm, "logically, the entire case could not have been removed if McGlinchey did not consent to the removal" and that McGlinchey's consent should be implied. R. Doc. No. 26, p. 17. That McGlinchey and CEF/GE share the same counsel is not sufficient to demonstrate McGlinchey's consent because "a defendant must [consent to removal] *itself*." *Getty*, 841 F.2d at 1262, n.11 (emphasis added). The case cited by CEF/GE, *Batiste v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 1649678 (E.D. La. 2009) is distinguishable. In *Batiste*, an insurance company removed the action to federal court but failed to obtain the consent of the insured, whose defense it was funding, on the mistaken belief that the insured had not yet been served. The court permitted defendants to amend the petition where "the sole defect in the petition of removal is the inaccurate statement that defendant . . . had not yet been served at the time of the filing of the petition of removal." *Id*. at *4. In this case, McGlinchey had been served at the time of removal and its consent was therefore required.

Numerous courts "have found that failure to adequately reflect the consent of all defendants in a removal notice is a defect not curable by amendment and requiring remand." *Aucoin v. Gulf South Pipeline Co., L.P.*, 2004 WL 1196980 at *2 (E.D. La. May 26, 2004) (citing *Smith v. Union Nat'l Life Ins.*, 187 F. Supp.2d 635 (S.D. Miss. 2001); *Sims v. Ward*, 2001 WL 1104636 (E.D. La. Sept.19, 2001); *Mayers v. Connell*, 651 F. Supp. 273 (M.D. La. 1986); *Courtney v. Benedetto*, 627 F. Supp. 523 (M.D. La. 1986)). The court further explained in *Aucoin*:

> With respect to defendants' argument that they should be allowed to amend their Notices of Removal pursuant to Federal Rule 15, the general rule articulated in that provision is superseded by the more particular provision governing removal procedure. "A removal petition may be amended freely within the thirty day period set forth in 1446(b)." *Courtney* at 527 citing *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir. 1982). The only avenue available for amendment after the thirty days has run is 28 U.S.C. § 1653. *Marshall v. Skydive America South*, 903 F. Supp. 1067, 1069 (E.D. Tex.1995).
> However, 28 U.S.C. § 1653, by its terms, may only be utilized to cure defective allegations of jurisdiction. 28 U.S.C. § 1653; *see also*, *Marshall*, 903 F. Supp. at 1070-71 and cases cited therein*; Mayers*, 651 F. Supp. at 274-75, citing *Courtney*, 627 F. Supp. 523. It may not be used to amend "a substantial defect in removal proceedings," such as the failure to obtain the consent of a co-defendant. Id. "A defect of this nature in the removal petition is not curable by amendment under section 1653." *Brooks v. Rosiere*, 585 F. Supp. 351 (E.D.La.1984) (other citations omitted).

*Id*. CEF/GE may not amend its removal petition to obtain McGlinchey's consent at this stage.

5

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party.[10] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the

---

[10]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

controlling state law in plaintiff's favor. *Id.*

CEF/GE contends that McGlinchey is improperly joined because there is no reasonable basis for this Court to predict that Sher Garner would be able to recover against McGlinchey. Sher Garner alleges that McGlinchey is liable to Sher Garner for negligent misrepresentation, detrimental reliance, and abuse of rights.[11]

To state a claim for negligent misrepresentation under Louisiana law:

> (1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty, which can occur by omission as well as by affirmative misrepresentation; and (3) the breach must have caused damages to the plaintiff based on the plaintiff's reasonable reliance on the misrepresentation.

*Kadlec Medical Center v. Lakeview Anesthesia Associates*, 527 F.3d 412, 418 (5th Cir. 2008).

With respect to Sher Garner's claim against McGlinchey based on a theory of detrimental reliance, the Louisiana Supreme Court has explained:

> The doctrine of detrimental reliance is "'designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence.'" *Babkow v. Morris Bart, P.L.C.*, 1998-0256 (La. App. 4 Cir. 12/16/98), 726 So.2d 423, 427 (quoting *Orr v. Bancroft Bag, Inc.*, 29,046 (La. App. 2 Cir. (1/22/97), 687 So.2d 1068, 1070)). To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.*, 2003-1662 (La. App. 4 Cir. 3/17/04), 871 So.2d 380, 393, writ denied, 2004-0969 (La.6/25/04), 876 So.2d 834; *Babkow*, 726 So.2d at 427. Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract. *Babkow*, 726 So.2d at 429 (citing *Morris v. People's Bank & Trust Co.*, 580 So.2d 1029 (La. App. 3 Cir.), writ denied, 588 So.2d 102 (La.1991)).

*Suire v. Lafayette City-Parish Consol. Government*, 907 So. 2d 37, 59 (La. 2005).

---

[11] Sher Garner also alleges that GE, but not McGlinchey, is liable to Sher Garner under a theory of quantum meruit or "*Moody v. Abadie*." R. Doc. No. 1-1, p. 4.

7

Sher Garner also asserts a claim for abuse of rights against McGlinchey. As explained by the Fifth Circuit in *Coleman v. Sch. Bd. of Richland Parish*:

> Louisiana courts will apply the abuse of rights doctrine only when one of the four conditions is met:
> (1) the exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm;
> (2) the non-existence of a serious and legitimate interest that is worthy of judicial protection;
> (3) the use of the right in violation of moral rules, good faith or elementary fairness; or
> (4) the exercise of the right for a purpose other than that for which it was granted.

418 F.3d 511, 524 (5th Cir. 2005) (citing *Oliver v. Cent. Bank*, 658 So. 2d 1316, 1321 (La. Ct. App. 1995)).

*i. Actions Against an Adversary's Attorney*

Under Louisiana law, the relationship between attorney and client is one of principal and agent. *Sondes v. Sears, Roebuck, and Co.*, 501 So. 2d 829, 831-32 (La Ct. App. 1986). "[A]n attorney does not owe a legal duty to his client's adversary when acting in his client's behalf." *Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994); *see also Countrywide Home Loans, Inc. v. Anderson*, 2009 WL 909565 at *3 (E.D. La. Mar. 27, 2009) (citing *Penalber v. Blount*, 550 So. 2d 577 (La. 1989)). However, an attorney "may make himself personally liable [to his client's adversary] by his conduct." *Sears*, 501 So. 2d at 832. " In Louisiana, an agent for a known principal cannot be held personally liable to a third party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal." *Ragas v. Tarleton*, 2006 WL 2925448 at *3 (E.D. La. Oct. 10, 2006) (citing La. Civ. Code arts. 3016, 3019; *Leblanc v. Mid-Continent Life Ins.*, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993)).

Additionally, "an attorney may be held personally liable for his intentional tortious

8

conduct." *Montalvo*, 637 So. 2d at 130 (citing *Penalber*, 550 So. 2d at 582). "Intentionally tortious actions, ostensibly performed for a client's benefit, will not shroud an attorney with immunity. Consequently, even though an attorney does not generally owe a duty to his client's adversary . . . an attorney may be held personally accountable for his intentional tortious conduct." *Id.* (quoting *Penalber*, 550 So. 2d at 582). Mere "negligence or malpractice" on the part of the attorney will not suffice. *Id.* As *Montalvo* explained, "Of course, identifying an intentional tort in the context of an attorney's actions may be more difficult than identifying a traditional intentional tort. . . it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney. . ." *Id.*

  *ii. Sher Garner's Allegations against McGlinchey*

CEF/GE contends that Sher Garner cannot recover against McGlinchey because Sher Garner has not alleged that McGlinchey personally bound itself, exceeded its authority, misrepresented GE's position, or acted with intent to harm.

Sher Garner alleges that McGlinchey engaged in "abusive and unfair tactics . . . purposefully done to the unfair detriment of [Sher Garner]."[12] Sher Garner alleges in its amended petition that McGlinchey both "directly and on behalf of GE made statements and promises on which Sher Garner detrimentally relied in continuing to represent Huey & Fong in the A&P Action."[13] Specifically, Sher Garner alleges that it intended to withdraw as counsel from its representation of Huey & Fong in the A&P litigation but that "[f]or several months from early 2009 on, McGlinchey represented to Sher Garner that GE wanted it to stay in the case to

---

[12] R. Doc. No. 1-1, p. 3.

[13] *Id.* at p. 1.

9

prosecute [the] same for the benefit of GE as the mortgagee because GE was not able to do so."[14] According to the amended petition, McGlinchey did not correct such representation "until McGlinchey knew it would be too late for Sher Garner to withdraw [as Huey & Fong's attorney] without violating its ethical duties to its client . . . ."[15] Sher Garner alleges that it "would have withdrawn" as counsel to Huey & Fong in the A&P litigation "due to Huey & Fong's inability to pay fees if not for its detrimental reliance on McGlinchey and GE."[16]

Considering the foregoing, and viewing all factual allegations in the light most favorable to Sher Garner, the Court finds that Sher Garner's allegation that McGlinchey engaged in "abusive and unfair tactics . . . *purposefully* done to the unfair detriment of [Sher Garner]," suggests that McGlinchey was not improperly joined. The allegations can be read as claiming intentional tortious conduct by McGlinchey demonstrating an intent to harm. CEF/GE has failed to demonstrate that there is no possibility that Sher Garner would be able to establish a cause of action against McGlinchey in state court.

Accordingly, since McGlinchey was properly joined, McGlinchey's consent was required for removal. Because McGlinchey did not consent to the removal, the removal was procedurally deficient and remand is appropriate. Remand is also warranted because McGlinchey is a proper defendant and, therefore, complete diversity of citizenship does not exist and this court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**III. Bankruptcy Jurisdiction**

**A. 28 U.S.C. § 1334(b)**

---

[14]*Id.* at p. 2.

[15]*Id.*

[16]*Id.*

Section 1334(b) provides the United States District Courts and state courts with concurrent jurisdiction over all civil actions "arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). In the removal petition, defendants allege that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) because the above-captioned case is either "related to" the Trusts' chapter 11 bankruptcy cases or a "core" proceeding under chapter 11.[17] The removal petition also alleges that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(e).[18]

Sher Garner contends that bankruptcy jurisdiction does not exist because the Trusts' bankruptcies were dismissed on October 27, 2009. CEF/GE concedes that the Trusts' bankruptcies have been dismissed and argues that it mistakenly referenced the Trusts' bankruptcies when it actually intended to reference the bankruptcies of the trustees, Quintessa

---

[17] As the Fifth Circuit explained in *Wood*:

The meaning of core proceedings is illuminated . . . by the textual context in which it appears. [28 U.S.C. § 157(b)(1)] vests full judicial power in bankruptcy courts over "core proceedings arising under title 11, or arising in a case under title 11." The prepositional qualifications of core proceedings are taken from two of the three categories of jurisdiction set forth in section 1334(b): proceedings "arising under" title 11, "arising in" title 11 cases, and "related to" title 11 cases. Although the purpose of this language in section 1334(b) is to define conjunctively the scope of jurisdiction, each category has a distinguishable meaning. These meanings become relevant because section 157 apparently equates core proceedings with the categories of "arising under" and "arising in" proceedings.

Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. Apparently, the phrase was taken from 28 U.S.C. § 1331, conferring federal question jurisdiction in which it carries a similar and well-accepted meaning. The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

825 F.2d at 96-97.

[18] CEF/GE makes no substantive argument that this Court has bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334(e).

Huey and Caryn Fong ("Huey & Fong bankruptcies"), filed on November 17, 2009. CEF/GE argues that this mistake is a technical error and may be remedied pursuant to 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Id.* Assuming that the Court would grant CEF/GE permission to amend its removal petition, the Court must consider whether it would have bankruptcy jurisdiction pursuant to § 28 U.S.C. § 1334.

    *i. Core Proceedings*

CEF/GE contends that "[a] strong argument can be made that Sher Garner's claims against CEF fall within the Court's 'arising in' jurisdiction."[19] The United States Court of Appeals for the Fifth Circuit has equated cases "arising in" or "arising under" title 11 with "core proceedings."[20] *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002). A proceeding is core "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood*, 825 F.2d at 97. Claims between third parties - or non-bankruptcy parties - are typically considered within the bankruptcy court's non-core jurisdiction, except where such claims are dependent upon the interpretation of rights created in bankruptcy. *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 267 (5th Cir. 2005). CEF/GE has not argued, much less demonstrated, that Sher Garner's claims could arise only in the context of a bankruptcy case or that Sher Garner's claims are dependent upon the interpretation of rights created by the Huey & Fong bankruptcies. The Court finds that the

---

[19]R. Doc. No. 26, p. 21 n.9.

[20]As the Fifth Circuit explained in *Wood*:

825 F.2d at 97.

above-captioned case is not a core proceeding.

### ii. "Related to" Proceedings

Pursuant to § 1334(b),"[a] proceeding is 'related to' a bankruptcy if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002). For "related to" jurisdiction to attach, "the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Accordingly, a lawsuit filed after bankruptcy proceedings are closed is not "related to" a title 11 case because there is no longer a bankruptcy estate to affect. *Id.*; *Trahan v. Devon Energy Prod. Co.*, 2009 WL 56911, at *4 (W.D. La. Jan. 6, 2009).

CEF/GE contends that the above-captioned case is "related to" the Huey & Fong bankruptcies because "if Sher Garner recovers from CEF, Sher Garner's unsecured attorney's fees claim will be come a senior, secured claim of CEF under GE's loan agreement with the debtors, resulting in less money available to unsecured creditors."[21] CEF/GE also argues Sher Garner's claims against McGlinchey are "related to" the Huey & Fong Bankruptcies because "[i]f Sher Garner recovers these fees from McGlinchey, Sher Garner's claim against the bankruptcy estate will be reduced by the amount of the recovery, resulting in more money being available for distribution to all unsecured creditors."[22]

A claim between two non-debtors that could conceivably reduce the bankruptcy estate's liabilities produces an effect on the estate that is sufficient to confer "related to" jurisdiction." *In Re Canion*, 196 F.3d 579, 586-87 (5th Cir. 1999). The Court finds that "related to" jurisdiction

---

[21]R. Doc. No. 26, p. 20.

[22]*Id.*

exists over Sher Garner's claims against CEF/GE and McGlinchey.

**B. § 1334(e)**

CEF/GE contends in its removal petition that jurisdiction is premised on 28 U.S.C. § 1334(e).[23] Section 1334(e) provides:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

According to CEF/GE's opposition to the motion for remand, the Huey & Fong bankruptcies were commenced in and are currently pending in the U.S. Bankruptcy Court for the Western District of Washington. This Court does not have jurisdiction pursuant to § 1334(e); the U.S. District Court for the Western District of Washington may. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("The district in which a chapter 11 petition is filed has exclusive jurisdiction over the property of the estate. 28 U.S.C. § 1334(e). Thus, the court properly dismissed the complaint, because the Southern District of Mississippi has exclusive jurisdiction over the retainage."). Section 1334(e) does not provide this Court with jurisdiction in the above-captioned case.

**C. Rule of Unanimity**

Plaintiff asserts that an entire case cannot be removed under Section 1452(a) without the consent of all defendants. CEF/GE acknowledges that it has not obtained McGlinchey's consent, but asserts that McGlinchey's consent is not necessary for it to remove the entire case from state

---

[23]CEF/GE makes no substantive argument in its opposition to the motion for remand that this Court has jurisdiction pursuant to § 1334(e).

14

court pursuant to Section 1452(a).

Section 1452(a) provides, "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under" the Bankruptcy Code. 28 U.S.C. § 1452(a). The Fifth Circuit has interpreted 28 U.S.C. § 1446, the general removal statute, to require that all properly served defendants join in a notice of removal. *See, e.g., Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

Although the Fifth Circuit has not directly addressed the issue, courts in the United States District Court for the Eastern District of Louisiana, have found that the rule of unanimity applies to removal of an entire case based on bankruptcy jurisdiction under § 1452(a). *Post Office Employees' Credit Union v. Lawyers Title Ins. Corp.*, 2010 WL 2836163 at *2 (E.D. La. Jul. 16, 2010); *Orion Refining Corp. v. Fluor Enter., Inc.*, 319 B.R. 480, 486-87 (E.D. La.2004) (J. Vance); *Marshall v. Air Liquide – Big Three, Inc.*, 2007 WL 275898 (E.D. La. Jan. 24, 2007) (J. Africk); *Whitney Nat'l Bank v. Bunch*, 2001 WL 87443, at *2, n. 9 (E.D. La. Jan. 30, 2001) (J. Barbier); *Hills v. Hernandez*, 1998 WL 241518, at * 2 (E.D. La. May 12, 1998) (J. Clement); *CMH, Inc. v. Canal Place Mgmt.*, 1993 WL 70252, at * 2 (E.D. La. Mar. 10, 1993) (J. Sear).

After conducting its own thorough analysis, the Court in *Orion* applied the unanimity rule to Section 1452, holding, "To remove the entire action [under Section 1452], there must be a jurisdictional basis in federal court as to each party, and each party must seek or consent to the removal of the claim." *Id.* at 487. Here, as in *Orion*, CEF removed the entire action to federal court, but failed to obtain the consent of all defendants. Therefore, its "notice of removal is procedurally defective, and . . . remand is warranted." *Id.*

15

**D. Equitable Remand**

Sher Garner asserts that remand is appropriate pursuant to Section 1452(b) which provides that a claim removed under the Bankruptcy Code may be remanded "on any equitable ground." 28 U.S.C. § 1452(b). Section 1452(b) also provides that orders to remand are not reviewable on appeal. *Id.*

The following factors are considered in determining the propriety of equitable remand: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resource; (6) prejudice to involuntarily removed parties; (7) comity issue; and (8) a diminished likelihood of inconsistent results. *Orion*, 319 B.R. at 488.

Both the federal court and the state court are located in Orleans Parish so the first factor is neutral. The fact that none of the parties to this case is a party to the bankruptcy proceedings favors remand. Although CEF/GE argues that this Court is "uniquely equipped" to hear this case because it has been "extensively involved in all aspects of the disputes among CEF, the Trusts and Sher Garner," CEF/GE concedes that a Louisiana state court is "well suited to decide the basic issues of Louisiana law raised by this case."[24] There is no convincing evidence or argument that remand of the above-captioned case would result in a duplicative or wasteful use of judicial resources or an increased likelihood of inconsistent results. Remanding the entire case will not result in a bifurcation of this civil action. The Court finds that equitable remand pursuant to Section 1452(b) is an additional basis warranting remand of this matter.

**IT IS ORDERED** that the motion[25] for remand is **GRANTED** and the above-captioned

---

[24] *Id*. at p. 22.

R. Doc. No. 12.

case is **REMANDED** to the Orleans Parish Civil District Court.

New Orleans, Louisiana, August 17, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**